O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EILEEN M. MORENO,                    ) Case No. EDCV 12-0747 RNB
                                     )
                    Plaintiff,       )
                                     ) ORDER AFFIRMING DECISION OF
        vs.                          ) COMMISSIONER
                                     )
CAROLYN W. COLVIN, Acting            )
Commissioner of Social               )
Security,[1]                         )
                    Defendant.       )
_____ )

        The Court now rules as follows with respect to the two disputed issues listed
in the Joint Stipulation.[2]

_____

        [1]     The Acting Commissioner is hereby substituted as the defendant
pursuant to Fed. R. Civ. P. 25(d).  No further action is needed to continue this case
by reason of the last sentence of 42 U.S.C. § 405(g).

        [2]     As the Court advised the parties in its Case Management Order, the
decision in this case is being made on the basis of the pleadings, the administrative
record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties.  In accordance
with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined
which party is entitled to judgment under the standards set forth in 42 U.S.C. §
405(g).

1

**A.** **Reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination (Disputed Issue No 2).**

Disputed Issue No. 2 is directed to the ALJ's adverse credibility determination. (See Jt Stip at 15-19.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc).

Here, plaintiff testified that she was unable to work because of pain in her legs and arms, lack of energy, difficulty with focusing, and an inability to stand or sit for a long period of time. (See AR 64.) The ALJ determined that although plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, plaintiff's symptoms concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent they were inconsistent with the ALJ's assessment of plaintiff's residual functional capacity ("RFC"). (See AR 46.)

In support of this adverse credibility determination, the ALJ proffered multiple reasons. For example, the ALJ noted that no objective medical findings supported the degree of limitation alleged and cited several inconsistencies between plaintiff's subjective symptom testimony and the objective medical findings. (See AR 46-49.)

2

Specifically, the ALJ noted that although plaintiff had tested positive for hepatitis C in May 2008, she had done well on treatment, and the virus had cleared by May 2009. (See AR 46-47; see also AR 348, 605-06.)   The ALJ also noted that during a rheumatological evaluation in March 2008, the treating physician found no evidence of inflammatory arthritis or inflammatory myelopathy but simply assessed generalized pain of unclear etiology.  (See AR 47; see also AR 500-01.)  The ALJ also noted that during an examination in May 2008, the treating physician concluded that plaintiff's pain was not characteristic of any neurologic disease, but that the examination was difficult due to inconsistencies and giveaway weakness.  (See AR 47; see also AR 485.)  The ALJ also noted that x-rays of plaintiff's lumbar spine, sacrum, and coccyx revealed no abnormalities.  (See AR 48; see also AR 654, 747.)  The ALJ also noted that during a consultative examination in June 2009, plaintiff complained of back pain and joint pain, but the examining physician's clinical findings were "normal" or "negative."  (See AR 48; see also AR 575-77.)  The ALJ also noted that plaintiff reported a history of fibromyalgia, but two physicians found no discrete tender points during separate examinations, and the medical expert saw no clinical evidence to support a diagnosis of fibromyalgia.  (See AR 48; see also AR 76, 500, 576-77.)  The ALJ also noted that during a psychiatric evaluation in May 2009, the examining psychiatrist (1) diagnosed a depressive disorder, not otherwise specified, with mild to moderate stressors, and (2) assigned a Global Assessment of Functioning ("GAF") score of 70, which indicated that plaintiff had only mild symptoms and was generally functioning "pretty well."[3]  (See AR 48-49; see also AR 570.)   Relatedly, the ALJ noted that plaintiff's daily activities, which were severely restricted, appeared to have been self limited and not commensurate with functional limitations imposed by her

---

[3]     A GAF score of 61-70 indicates "some mild symptoms . . . but generally functioning pretty well."  See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed.).

1   medically determinable impairments.  (See AR 49.)   The Court finds that this
2   constituted a clear and convincing reason for not crediting plaintiff's subjective
3   symptom testimony. See Chaudhry v. Astrue, 688 F.3d 661, 672 (9th Cir. 2012) (ALJ
4   may properly rely on lack of objective support for complaints of depression); Morgan
5   v. Commissioner of Social Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may
6   properly consider conflict between claimant's testimony of subjective complaints and
7   objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th
8   Cir. 1998) (ALJ may properly rely on weak objective support for the claimant's
9   subjective complaints); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may
10   properly rely on lack of objective evidence to support claimant's subjective
11   complaints); Nyman, 779 F.2d at 531 (noting that "a claimant's self-serving
12   statements may be disregarded to the extent they are unsupported by objective
13   findings").

14        The ALJ also noted that, although plaintiff testified that she was unable to
15   obtain mental health treatment because of insurance problems, there was evidence
16   that she had not been compliant with her treating psychiatrist's recommendation that
17   she attend group therapy. (See AR  49; see also AR 345, 484.)  The Court finds that
18   this constituted a clear and convincing reason for not crediting plaintiff's subjective
19   symptom testimony.  See Bunnell, 947 F.2d at 346 (ALJ may properly rely on
20   plaintiff's unexplained or inadequately explained failure to seek treatment or follow
21   prescribed course of treatment); Fair v. Bowen, 885 F.2d 597, 603-04 (9th Cir. 1989)
22   (same); see also Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir. 2012) (ALJ may
23   properly rely on claimant's failure to pursue mental health treatment where resistance
24   was attributable not to a mental impairment, but to claimant's own personal
25   preference).

26        The ALJ also noted that plaintiff's medical treatment had been conservative in
27   nature and not commensurate with the degree of limitation alleged, and that the
28   medical records had not reflected debilitating side effects from medical treatment that

4

1    lasted or were expected to last 12 continuous months.  (See AR 49.)  The Court finds

2    that this constituted a clear and convincing reason for not crediting plaintiff's

3    subjective symptom testimony.  See Parra v. Astrue, 481 F.3d 742, 751 (9th Cir.

4    2007) (evidence of conservative treatment is sufficient to discount a claimant's

5    testimony regarding severity of an impairment); Johnson v. Shalala, 60 F.3d 1428,

6    1434 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative

7    treatment had been prescribed); Orteza, 50 F.3d at 750 (ALJ may properly rely on

8    lack of side effects from prescribed medications).

9        The ALJ also noted that plaintiff had made inconsistent statements regarding

10   why she left her last job: although plaintiff testified that she stopped working due to

11   pain, she reported to one of her doctors that she had experienced an altercation at

12   work, after which she stopped working, and that she had a pending sexual harassment

13   lawsuit against another employee.  (See AR 49; see also AR 63, 483.)  The Court

14   finds that this constituted a clear and convincing reason for not crediting plaintiff's

15   subjective symptom testimony.  See Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th

16   Cir. 2001) (ALJ properly discredited claimant's testimony because of her inconsistent

17   statements); Smolen, 80 F.3d at 1283-84 (ALJ may consider claimant's inconsistent

18   statements in evaluating credibility).

19       The Court therefore finds and concludes that reversal is not warranted based

20   on the ALJ's alleged failure to make a proper adverse credibility determination.

21

22   **B.    Reversal is not warranted based on the ALJ's consideration of the medical**

23   **evidence in determining plaintiff's residual functional capacity (Disputed**

24   **Issue No 1).**

25       Disputed Issue No. 1 is directed to the ALJ's determination that plaintiff had

26   an RFC for light work, based on the opinions of Dr. Nafoosi, Dr. To, and Dr. Han.

27   (See Jt Stip at 5-9.)  Specifically, plaintiff contends that the ALJ's reliance on these

28   opinions was improper because (1) Dr. Nafoosi, the medical expert, had allowed his

1  board certification in internal medicine to expire in 2007, but the ALJ represented

2  that it was current; (2) Dr. To, the examining physician, had no opportunity to review

3  plaintiff's medical records as part of the examination and rendered an opinion that

4  was inconsistent with the records; and (3) Dr. Han, the state agency physician,

5  rendered an opinion that relied on the defective opinion of Dr. To.  (See id.)

6        The Court disagrees.  First, with respect to Dr. Nafoosi, there was no evidence

7  that his expired board certification played a significant role in the ALJ's evaluation

8  of the medical evidence.  Although a physician's board certification or specialization

9  may be a basis to accord additional weight to that physician's opinion, see 20 C.F.R.

10 §§ 404.1527(c)(5), 416.927(c)(5), it did not appear that the ALJ accorded any

11 deference to Dr. Nafoosi's opinion on that basis.  Specifically, the ALJ made only a

12 passing reference to Dr. Nafoosi's board certification status (see AR 43) and did not

13 cite Dr. Nafoosi's credentials as a basis for evaluating his opinion or the medical

14 evidence on the whole.  Instead, the ALJ exhaustively detailed Dr. Nafoosi's

15 testimony (see AR 43) and explained that Dr. Nafoosi's opinion was being accorded

16 considerable weight for the independent reason that it was "well supported by the

17 objective medical evidence of record" (see AR 49).  Accordingly, since there was no

18 evidence that the ALJ accorded any undue weight to his mistaken belief about Dr.

19 Nafoosi's board certification status, the Court finds that the error was harmless.  See

20 Stout v. Commissioner, Social Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)

21 (ALJ's error is harmless when it is "inconsequential to the ultimate nondisability

22 determination").[4]

23

24        [4]    The Court notes that another court in this district has reached a different

25 conclusion on this issue.  In Bogosian v. Astrue, 2012 WL 1956861, at *2-*3 (C.D.

26 Cal. May 31, 2012), the court found that Dr. Nafoosi's "sin of omission" about his

27 lapsed board certification was a basis for reversal after agreeing with the claimant that

28 it was "an important factor in the weight given to Dr. Nafoosi's opinion."  Here, the

   reasoning of Bogosian does not apply because the ALJ's mistaken belief about Dr.

1    Second, with respect to Dr. To, the Court rejects plaintiff's contention that the

2    ALJ was not entitled to accord considerable weight to his opinion because Dr. To did

3    not have an opportunity to review plaintiff's medical records during the consultative

4    examination.   Although the Commissioner generally should provide examining

5    physicians the necessary background information about a claimant's condition, see

6    20 C.F.R. §§ 404.1517, 416.917, the Court finds that reversal is not warranted on that

7    basis in light of the circumstances here.  Dr. To conducted a thorough examination

8    resulting in independent clinical findings and reached an opinion about plaintiff's

9    functional limitations that was generally consistent with plaintiff's medical record.

10   Dr. To's opinion also was consistent with that of a state agency physician, who did

11   have an opportunity to review the entire record.  See, e.g., Debbs v. Astrue, 2012 WL

12   5544077, at *7 (E.D. Cal. Nov. 14, 2012) (examining physician's lack of opportunity

13   to review claimant's record was not basis for reversal where his opinion was

14   supported by a thorough examination resulting in independent clinical findings and

15   was generally consistent with other evidence and opinions in the record); Pearson v.

16   Astrue, 2010 WL 3036005, at *3 (E.D. Cal. Aug. 2, 2010) (failure to provide

17   pertinent objective evidence to examining physician was not reversible error where

18   another reviewing physician who did have access to the evidence came to the same

19   conclusion as the examining physician).  Moreover, to the extent that plaintiff

20   contends that Dr. To's opinion was inconsistent with the medical record (see Jt Stip

21   at 9), the Court notes that plaintiff purports to support her contention with portions

22   of the medical record that only documented her subjective symptom complaints,

23   which the ALJ properly rejected.

24   //

25

26   _____

27   Nafoosi's board certification status was not an important factor in the weight given

28   to his opinion; rather, the ALJ accorded considerable weight to Dr. Nafoosi's opinion
     because it was well supported by the objective medical evidence of record.

1    Third, with respect to Dr. Han, the Court rejects plaintiff's contention that Dr.

2    Han's opinion could not constitute substantial evidence because it was based on Dr.

3    To's opinion.  (See Jt Stip at 15.)  Rather, the Court finds that Dr. Han's opinion

4    constituted substantial evidence because it was consistent with other evidence in the

5    medical record, which was not limited to the opinion of Dr. To.  See Thomas v.

6    Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or

7    non-examining physicians may also serve as substantial evidence when the opinions

8    are consistent with independent clinical findings or other evidence in the record.").

9                          *******************

10   IT THEREFORE IS ORDERED that Judgment be entered affirming the

11   decision of the Commissioner and dismissing this action with prejudice.

12

13   DATED:  April 16, 2013

14

15                                        ROBERT N. BLOCK
                                          UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28

8